## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| TAVORIS LA'RON JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV424-221 |
| ) | |
| VINCENT PELLEGRINI, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Tavoris La'Ron Johnson has filed this 42 U.S.C. § 1983 action alleging that he was improperly arrested in 2022 and 2023. *See* doc. 1 at 5-6. He has also moved to proceed *in forma pauperis*. Doc. 3. Although he appears to lack sufficient funds to pay the Court's filing fee, he is precluded from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g)'s "three-strikes" bar. Accordingly, his Motion should be **DENIED**, doc. 3, and his case **DISMISSED**.

1

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions.   28 U.S.C. § 1915(g).   The relevant provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*   This Court has, on multiple occasions, recognized that Johnson has accrued three strikes.   *See Johnson v. Wilcher*, CV419-268, doc. 7 at 2 (S.D. Ga. Oct. 30, 2020), *adopted* doc. 8 (S.D. Ga. Jan. 28, 2021); *Johnson v. Wilcher*, CV421-225, doc. 3 (S.D. Ga. Aug. 5, 2021), *adopted* doc. 4 (Nov. 3, 2021).

The Eleventh Circuit has recently explained that when evaluating whether prior dismissals resulted in a strike, courts "look to the prior order that dismissed the action . . . and the reasons the court gave for dismissing it."   *Wells v. Brown*, 58 F.4th 1347, 1358 (11th Cir. 2023). That order must indicate that the action was dismissed on one of the "[t]hree specific grounds [that] render a dismissal a strike: 'frivolous,'

'malicious,' and 'fails to state a claim upon which relief may be granted.'"
*Daker v. Comm'r, Ga. Dept. of Corrs.*, 820 F.3d 1278, 1283 (11th Cir.
2016). Johnson has filed several cases against the public defenders
assigned to his state court case, which were dismissed for failure to state
a viable § 1983 claim. *See Johnson v. Fogle,* CV415-095, doc. 6 (S.D. Ga.
Jan. 28, 2016), *adopted* doc. 8 (S.D. Ga. Feb. 25, 2016); *Johnson v. Raines*,
CV415-131, doc. 6 (S.D. Ga. Dec. 14, 2015), *adopted* doc. 9 (S.D. Ga. Jan.
28, 2016). He also filed a case challenging Chatham County Sheriff
John Wilcher's decision not to evacuate prisoners during a hurricane in
2017 which was dismissed for failure to state a claim. *See Johnson v.
Wilcher*, CV417-192, doc. 8 (S.D. Ga. Jan. 2, 2018), *adopted* doc. 10 (S.D.
Ga. Mar. 6, 2018). Johnson, therefore, had accrued at least three
§ 1915(g) strikes before he filed this action.

PLRA does provide an exception to the "three strikes" provision if
the prisoner is in "imminent danger of serious physical injury." 28
U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege
more than a speculative or generalized risk. *See Sutton v. Dist. Atty's
Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (general assertions of risk
are "insufficient to invoke the exception to § 1915(g) absent specific fact

allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Although Johnson does not acknowledge his three-striker status, he has submitted an "affidavit," which appears calculated to assert an imminent danger. *See* doc. 2. He alleges, in a wholly speculative and conclusory fashion, that his multiple arrests are the product of "some form of a sadistic plot / plan by [Defendant Pelligrini] to see me either locked up for a long time or either he's trying to set the stage for a chance to use excessive force on [Johnson] . . . ." *Id.* at 1. Despite his allegation that the charges arising from several arrests were dismissed for lack of probable cause, *id.*, there is no allegation that any of Pelligrini's actions in effecting the prior arrests were particularly, much less excessively, forceful. Johnson's speculation that some "plot / plan" is afoot is simply insufficient to apply the imminent danger exception to the three-strikes bar.

Accordingly, Johnson's request to proceed *in forma pauperis*, doc. 3, should be **DENIED**, and this case **DISMISSED**, pursuant to 28 U.S.C. § 1915(g). *See, e.g., Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).") This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

5

rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>7th</u> day of October, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA